UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 2 8 2015
CHRIS R. JOHNSON, Clerk
By_____
Deputy Clerk

| | |
|---|---|
| WILLIAM GIRLINGHOUSE and § <br> TONI GIRLINGHOUSE § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> CAPELLA HEALTHCARE, INC.; § <br> NPMC HOLDINGS, LLC; § <br> HOT SPRINGS NATIONAL PARK HOSPITAL § <br> HOLDINGS, LLC D/B/A NATIONAL PARK § <br> MEDICAL CENTER § <br> § <br> Defendants. § | CASE NO. CV- 15-6008 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COME NOW Plaintiffs complaining against the Defendants, and alleging the following:

### I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction by virtue of 28 USC § 1332 as there is complete diversity between plaintiffs versus defendants. Plaintiffs are residents of Arkansas. Defendants are foreign corporations or limited liability companies with their executive offices/principal places of business located in Tennessee.

2. Venue is proper by virtue of 28 USC § 1391 because one or more acts or omissions forming the basis for liability occurred in the Western District of Arkansas.

## II.

## PARTIES

3. Plaintiffs, who are husband and wife, are individuals residing at 140 Pogue Lane, Hot Springs AR 71913.

4. Defendant Capella Healthcare, Inc. is a foreign corporation with its principal place of business located at 501 Corporate Center Drive, Suite 200, Franklin TN 37067.

5. Defendant Capella Healthcare, Inc. owns and operates National Park Medical Center in Hot Springs, Arkansas.

6. Defendant Capella Healthcare Inc. conducts the day-to-day operations of National Park Medical Center in Hot Springs, Arkansas.

7. Defendant Capella Healthcare Inc. employs the nursing staff at National Park Medical Center in Hot Springs, Arkansas, who are acting within the scope of their employment when they provide nursing care to patients at National Park Medical Center.

8. Defendant Capella Healthcare Inc. employs the administrators and corporate officers of National Park Medical Center in Hot Springs, Arkansas.

9. Defendant Capella Healthcare Inc. owns Defendant NPMC, LLC.

10. Defendant Capella Healthcare Inc. owns Defendant Hot Springs National Park Hospital Holdings, LLC.

11. For the fiscal year that includes January 2013, Capella Healthcare Inc. filed a Home Office Cost Statement with the United States government.

12. The Home Office Cost Statement mentioned in paragraph 11 included costs for operation of National Park Medical Center in Hot Springs, Arkansas.

13. The Home Office Cost Statement mentioned in paragraph 11 included costs for "shared

employees" between Defendant Capella Healthcare Inc. and Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center.

14. The Home Office Cost Statement mentioned in paragraph 11 represented that Defendant Capella Healthcare Inc. performs the day-to-day operation of Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center.

15. Defendant Capella Healthcare Inc. operates the day-to-day management of Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center through a management agreement.

16. Defendant Capella Healthcare Inc. signed a Medicare Provider Agreement with the United States Government.

17. By virtue of the Medicare Provider Agreement mentioned above, Defendant Capella Healthcare Inc. promised the United States Government that it would provide medical and nursing care to all patients that complies with the standards set-out in the United States Code of Federal Regulations.

18. Defendant Capella Healthcare Inc. may be served by CMRRR to its President and CEO Michael Wiechart at 501 Corporate Center Drive, Suite 200, Franklin TN 37067.

19. Defendant NPMC Holdings, LLC is a foreign limited liability company with its principal place of business located at 501 Corporate Center Drive, Suite 200, Franklin TN 37067.

20. Defendant NPMC Holdings, LLC owns and operates National Park Medical Center in Hot Springs, Arkansas.

21. Defendant NPMC Holdings, LLC conducts the day-to-day operations of National Park Medical Center in Hot Springs, Arkansas.

22. Defendant NPMC Holdings, LLC employs the nursing staff at National Park Medical Center in

Hot Springs, Arkansas, who are acting within the scope of their employment when they provide nursing care to patients at National Park Medical Center.

23. Defendant NPMC Holdings, LLC employs the administrators and corporate officers of National Park Medical Center in Hot Springs, Arkansas.

24. Defendant NPMC Holdings, LLC owns Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center.

25. Defendant NPMC Holdings, LLC signed a Medicare Provider Agreement with the United States Government.

26. By virtue of the Medicare Provider Agreement mentioned above, Defendant NPMC Holdings, LLC promised the United States Government that it would provide medical and nursing care to all patients that complies with the standards set-out in the United States Code of Federal Regulations.

27. Defendant NPMC Holdings, LLC may be served by serving its Sole Member, Capella Healthcare Inc. by CMRR to Michael Wiechart at 501 Corporate Center Drive, Suite 200, Franklin TN 37067.

28. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center is a foreign limited liability company with its principal place of business located at 501 Corporate Center Drive, Suite 200, Franklin TN 37067.

29. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center owns and operates National Park Medical Center in Hot Springs, Arkansas.

30. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center conducts the day-to-day operations of National Park Medical Center in Hot Springs, Arkansas.

31. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center employs the nursing staff at National Park Medical Center in Hot Springs, Arkansas, who are acting within the scope of their employment when they provide nursing care to patients at National Park Medical Center.

32. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center employs the administrators and corporate officers of National Park Medical Center in Hot Springs, Arkansas.

33. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center signed a Medicare Provider Agreement with the United States Government.

34. By virtue of the Medicare Provider Agreement mentioned above, Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center promised the United States Government that it would provide medical and nursing care to all patients that complies with the standards set-out in the United States Code of Federal Regulations.

35. Defendant Hot Springs National Park Hospital Holdings, LLC d/b/a National Park Medical Center may be served by serving its Registered Agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock AR 72201.

## III.

## FACTS

36. William Girlinghouse was admitted to National Park Medical Center in January 2013 for pancreatitis.

37. On or about January 29, 2013 Girlinghouse began to suffer decreased oxygenation. The nursing staff at National Park Medical Center did not adequately respond to the decreased oxygenation and refused to call Girlinghouse's physician to address it. Girlinghouse became hypoxic and

began to suffer decreased mentation and multi-organ dysfunction from this low oxygen state. The nursing staff still did not address it or call this patient's physicians. Ultimately, somewhere between 8- and 24-hours passed before the situation was addressed properly. As a result of the delay in properly addressing the hypoxia, Girlinghouse suffered permanent brain injury and complications from same. Had the nursing staff acted appropriately and timely, Girlinghouse would not have suffered permanent injury and damages.

38. In January 2013, each Defendant was responsible to assure that a properly functioning patient safety system was in place at National Park Medical Center, including proper training of staff to respond timely to emergencies through effective communication and actions. They also had a duty to assure that the hospital was properly staffed so that patients would not suffer from want of care by an overworked nursing staff on an understaffed unit. These duties existed for each of these corporate Defendants' officers and administrators. These corporate Defendants failed to properly assure that the nursing staff from the floor nurses to the nurse administrator at National Park Medical Center was properly trained and accountable to not only observe the patients at National Park Medical Center but to recognize when a patient is at high risk for deterioration and report same timely to the medical staff so that the patient's condition would be timely addressed. Had the corporate Defendants acted properly, Girlinghouse would not have suffered permanent injury.

IV.

## AGENCY

39. At all times, the nurses assigned to Girlinghouse were acting within the course and scope of their employment with Defendants and as their actual or apparent agents, or employees. At all relevant times, the House Supervisor, Director of Nursing, and Vice President of Nursing at

National Park Medical Center were acting within the course and scope of their employment with Defendants as their actual employees or agents. Under the doctrines of agency and *respondeat superior*, the corporate Defendants are liable for the acts and omissions of these personnel.

## V.

## CAUSES OF ACTION

39. By virtue of the facts stated above, each corporate Defendant was directly negligent by and through their administrators and corporate officers by failing to assure that the hospital was properly staffed and that an effective patient safety system was in place. These corporate Defendants, acting through their respective administrators, officers, and control groups, were grossly negligent and acted with actual conscious disregard for the safety and well-being of patients at National Park Medical Center by failing to put into place proven patient safety systems required by applicable standards of care.

40. The corporate Defendants, acting through persons who were their actual employees or actual or apparent agents, committed acts and/or omissions in their healthcare treatment of William Girlinghouse, which constituted negligence and/or which constituted violations of the applicable standards of care. These acts and/or omissions include the following:

   a. Failure to establish a proper patient safety system designed to detect when a patient is at high risk for deterioration and establishing a protocol to quickly address such a situation;

   b. Failure to follow appropriate nursing practices and responsibilities toward a patient who is suffering respiratory deterioration including being patient advocates responsible directly to the patient as well as toward the institution;

   c. Failing to properly and timely report Girlinghouse's high risk for deterioration and/or actual deterioration to a physician in a timely manner;

   d. Failing to use the chain of command as necessary to assure that Girlinghouse's decreased oxygenation was addressed timely and effectively and he received

care at a level commensurate with his worsening acuity level.

## VI.

## DAMAGES

41. As a proximate result of the acts or omissions described above, singularly and collectively, William Girlinghouse suffered permanent injury to his brain and body. He has decreased mentation, needs supportive and assistive care, and has suffered complications from same. Plaintiffs are entitled to and seek compensatory damages and exemplary damages. Plaintiffs seek past and future damages for physical pain and mental anguish, physical impairment, disfigurement, medical expenses, life care expenses, loss of consortium, lost earnings, and loss of earnings capacity, as well as any other damages to which Plaintiffs are justly entitled.

42. Plaintiffs' damages exceed $75,000.

## VII.

## JURY DEMAND

43. Plaintiffs demand a trial by jury.

FOR THESE REASONS, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of this Court; exemplary

damages, together with any and all pre-judgment interest to which they are justly entitled as well as all costs of court and such further relief to which they are also justly entitled.

        Respectfully submitted,

        **THE GIRARDS LAW FIRM**

        */s/ James E. Girards*
        James E. Girards, AR Bar No. 2006017
        10,000 N. Central Expressway, Suite 400
        Dallas, Texas 75231
        jim@girardslaw.com
        Telephone 214.346.9529
        Facsimile 214.346.9532

        **ATTORNEYS FOR PLAINTIFFS**