IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GIRLINGHOUSE and
TONI GIRLINGHOUSE                                                                  PLAINTIFFS

V.                             NO. 6:15-CV-06008-RTD

CAPELLA HEALTHCARE, INC., et
al.                                                                                         DEFENDANTS

MEMORANDUM REPLY IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SERVICE OF PROCESS

I.      INTRODUCTION

Plaintiffs' response to the motion to dismiss filed by defendants Capella Healthcare, Inc. ("Capella") and NPMC Holdings, LLC ("NPMC") cannot and does not dispute that plaintiffs have not obtained valid service on these defendants. As noted throughout, plaintiffs have not even had a summons issued to these defendants. Plaintiffs also do not contest that a two-year statute of limitation applies to this case and required that plaintiffs commence their action on or before January 29, 2015. *See* Ark. Code Ann. § 16-114-203. Arkansas law requires plaintiffs to obtain timely service to commence an action for purposes of the statute of limitations. *See Tucker v. Sullivant*, 2010 Ark. 170, at 4, 370 S.W.3d 812, 814 (2010) (quoting *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260). Thus, plaintiffs' complaint must be dismissed with prejudice because they never commenced their action before the applicable statute of limitations expired.

In response, however, plaintiffs contend that: (1) defendants have waived their service defenses; (2) plaintiffs should be given an extension of time for service;

1265154-v1

and (3) the Arkansas savings statute would apply to prevent a dismissal with prejudice.[1] These arguments are without merit. Whether defendants waived their service objections is irrelevant to determining whether plaintiffs timely commenced their action, and defendants, in fact, preserved their service defenses in precisely the manner set out in Rules 12(b) and (h) and have not since waived those defenses. Likewise, plaintiffs cannot be granted an extension of time for service now that the applicable statute of limitations has run, and given their total lack of any attempt at timely service, they would not be entitled to such an extension. Finally, plaintiffs cannot claim to have "commenced" their action, for purposes of the Arkansas saving statute, through a defective attempt at service when they never had a summons issued. Plaintiffs' complaint must be dismissed with prejudice.

## II. ARGUMENT

**A. Whether the defendants waived their service defenses is irrelevant to the issue of whether this action was commenced within the statute of limitations; moreover, Capella and NPMC's assertion of service defenses was wholly proper and has not been waived.**

Plaintiffs first argue that Capella and NPMC waived their service defenses, either by failing to specify the defects in service or by waiting too long to move to dismiss. As a preliminary matter, this argument is irrelevant. The key issue in this motion is whether plaintiffs commenced their action before the statute of

---

[1] Plaintiffs' response includes a request for fees and costs pursuant to Rule 4(d)(2). This request should be denied first, and foremost, because defendants' motion to dismiss should be granted. Moreover, plaintiffs' request is wholly without supporting authority or merit. Rule 4(d)(2) allows a plaintiff to recover only the costs "incurred in making service." Here, plaintiffs have made no attempt at service and have therefore incurred no expenses "in making service." Plaintiffs cite no authority to suggest that costs may be awarded under Rule 4(d)(2) to a plaintiff who successfully defends a motion to dismiss under Rules 12(b)(4) or (5), and plaintiffs cite no other rule or statute in support of their request for costs.

2

limitations expired. Because a "limitations defense turns on when the action was commenced," waiver of a service defense is irrelevant to the issues at hand. *See Sexton v. Hutton*, No. 3:06-cv-00163-BSM; 2008 WL 4493066, at 3 (E.D. Ark. Oct. 1, 2008).

In *Sexton*, the United States District Court for the Eastern District of Arkansas dismissed a plaintiff's complaint as untimely. 2008 WL 4493066, at 1. There, the plaintiff originally sued the defendant before the statute of limitations expired, but "there [was] no dispute that [the defendant] was never served" with a complaint or summons in the original lawsuit. *Id.* Instead, the plaintiff took a nonsuit before ever perfecting service. *Id.* The following year, the plaintiff refiled the lawsuit, and the defendant answered—asserting insufficiency of service and the statute of limitations as affirmative defenses. *Id.* Approximately one year after filing his answer, the defendant moved to dismiss plaintiff's complaint as untimely. *Id.* In granting the defendant's motion, the court held that because the plaintiff neither served the defendant in the original lawsuit nor requested an extension of time to serve, the original action was never properly commenced before the statute of limitation expired—which deprived the plaintiff of the right to invoke the saving statute. *Id.* at 2. Although the plaintiff argued that the defendant had waived the service defenses in the original lawsuit by failing to join them in a 12(b)(6) motion the defendant filed in that suit, the Court rejected this argument, finding that "a waiver argument is inappropriate in this instance because the limitations defense turns on when the action was commenced." *See id.* at 3.

3

In reaching this holding, the *Sexton* court relied on *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997). In *Sublett*, Berry, one of multiple defendants, was never served. 952 S.W.2d at 141. After the time for service had expired, Berry filed an answer that validly asserted a statute of limitations defense but omitted the service defenses. *Id.* Berry then moved for summary judgment arguing that because plaintiff never served him, no action had been commenced within the applicable statute of limitations. *Id.* The plaintiff, as here, argued that Berry had waived his statute-of-limitations argument because the service defenses had not been timely asserted in the answer or in a proper motion. *Id.* at 142. The Arkansas Supreme Court rejected this argument, holding that the plaintiffs' failure to commence the action within the statute of limitations was not waived by a failure to properly assert the service defenses:

> [W]hile Rules 12(b)(5) and 12(h)(1) clearly set forth the procedure for raising an insufficiency-of-service-of-process defense, they do not set the conditions for mounting a limitations defense. The touchstone for a limitations defense to a tort action is when the cause of action was commenced. Berry raised the statute of limitations as an affirmative defense in his answer and has shown failure to commence the litigation within three years as required by our case law. That is all that is required.

*Id.* at 142-43. Thus, under Arkansas law, once the statute of limitations has run due to the plaintiffs' failure to obtain timely service, the cause of action cannot be revived by the defendants' later alleged waiver of service defenses. *See id.*[2]

---

[2] In *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 226 S.W.3d 757 (2006), the Arkansas Supreme Court distinguished *Sublett* because the defendant there had filed an answer wholly omitting the service defenses before the 120 days for service had expired, whereas the *Sublett* defendant had filed his answer after the 120 day service period. *See id.* at 164, 226 S.W.3d at 765-65. As explained fully below, although, as in *Posey*, Capella and NPMC filed their answer before the

4

Here, just as in *Sexton*, plaintiffs have still not served Capella and NPMC. Moreover, plaintiff has not timely sought an extension of time to serve these defendants. Because plaintiff failed to either serve Capella and NPMC within 120 days of filing the complaint or move for an extension to serve within that same period, the action has not commenced within the applicable limitations period. Pursuant to Arkansas law, plaintiff's complaint must be dismissed with prejudice without regard to plaintiffs' claims that Capella and NPMC subsequently waived their service defenses.

Moreover, Capella and NPMC did not waive their service defenses. Rule 12(b) expressly provides, "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Instead, "[a] party waives any defense listed in Rule 12(b)(2)–(5) by . . . failing to either: (i) make it by motion under this rule; *or* (ii) include it in a responsive pleading. . . ." Fed. R. Civ. P. 12(h)(1)(B). "In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

Plaintiffs first argue, in a footnote, that defendants waived their service defenses by raising them in their answer, rather than a pre-answer motion to dismiss. This Court has previously recognized that service defenses may be preserved in a defendant's answer, and with good reason: the rules cited above say so. *See Seamster v. Roberts*, No. 2:06-CV-2195 RTD, 2007 WL 1434872, at *1 (W.D.

---

service period expired, their answers properly preserved their service defenses. Thus, this case remains governed by *Sublett* and *Sexton* and is distinguishable from *Posey*.

5

Ark. May 15, 2007) (holding that defendant had not waived service defense by asserting it in a joint answer filed with a defendant who had been properly served). Thus, plaintiffs' first argument is without merit.

Plaintiffs next argue that although Capella and NPMC clearly asserted the service defenses in paragraph 52 of their answer, that paragraph did not provide sufficient details to preserve the defenses. It is true that the Eighth Circuit has held that "[t]he objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986). However, here, plaintiffs "utilized" no service provision, as plaintiffs never attempted service. When no service is attempted, as is the case here, it is impossible to specify or elaborate on the defect in the chosen method of service for the simple reason that plaintiffs had not yet chosen any method of service. At the time that defendants filed their answer, they could only note that they had not yet been served. Any specific objection to service was not yet ripe when defendants answered, as plaintiffs still had ample time to complete service. Further, plaintiffs knew that no summons had been issued to Capella and NPMC and, therefore, must have at all points known that they had not obtained valid service. Capella and NPMC's assertion of insufficient process and service of process meets the standards required by Rules 8 and 12, and plaintiffs' arguments on this point are without merit.

6

Moreover, plaintiffs cannot claim any lack of knowledge that they needed to proceed with formal service because, as plaintiffs note, Capella and NPMC refused to return the waiver form that plaintiffs initially sent to these defendants. That form expressly provides:

> If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

(*See* Ex. 1 to Reply, Waiver Forms.) The "time indicated" was 30 days from February 2, 2015, or some four weeks before defendants answered. (*Id.*) Thus, plaintiffs had expressly advised the defendants that they would seek formal service if Capella and NPMC did not return the waiver forms, and in their answer, filed well after the stated time for waiver had expired, Capella and NPMC advised plaintiffs that they would insist on formal service. Nothing more can be required to preserve these defenses, as nothing more was needed to put plaintiffs on notice that they needed to have a summons issued and served on defendants.

Plaintiffs finally argue that Capella and NPMC have waived their service defense by waiting too long to move to dismiss. In support of this argument, plaintiffs first cite *Yeldell v. Tutt*, 913 F.2d 533 (1990), in which a defendant was held to have waived a personal-jurisdiction defense preserved in the answer by failing to re-assert the defense until appeal, years after filing the answer and after the completion of discovery and a five-day trial. *Id.* at 539. *Yeldell* simply has nothing to do with this case, which remains in its infancy in this district court.

Plaintiffs next cite *Bobo v. Umoh*, No. 06-4110, 2008 WL 4911222 (W.D. Ark. Nov. 13, 2008). There, the defendant waited "nearly two years" after filing his

7

answer to raise the service issues by formal motion. *Id.* at *1. The *Bobo* court further noted that the parties had engaged in discovery and active litigation during those two years. *Id.* Here, Capella and NPMC filed their answer on March 31, 2015, and moved to dismiss a little more than two *months* later, on June 10, 2015. Further, the parties have not yet engaged in any discovery in this matter. Indeed, to date, the parties have not even held their Rule 26(f) discovery-planning conference and, therefore, could not have engaged in any discovery. *See* Fed. R. Civ. P. 26(d)(1). Again, *Bobo* is wholly distinguishable.

Finally, failing to find support for their position within this district or circuit, plaintiffs turn to *Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1300 (2d Cir. 1990). There, the defendant waited four months—or nearly twice as long as Capella and NPMC—between filing its answer and moving to dismiss.[3] *Id.* at 1300. There are other distinctions between this case and *Datskow* as well. First, and most importantly, the plaintiff in *Datskow* actually attempted service on the defendant and, therefore, presumably had no notice that it needed a further attempt at service until the defendant filed its motion to dismiss. *Id.* Again, here, plaintiffs must have known that they had never had a summons issued to Capella

---

[3] Plaintiffs repeatedly refer to the four month period between when they filed the complaint and when Capella and NPMC moved to dismiss, presumably because that period is nearly double the amount of time between defendants' filing their answer and their motion. However, the cases on which plaintiffs rely all look to the time—and the amount of work that the parties did during that period—between when the defendant filed the answer and later moved to dismiss. *See, e.g., Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1300 (2d Cir. 1990) (noting a four-month period between the defendant's answer and motion to dismiss). Plaintiffs further characterize the defendants in *Datskow* as filing their motion to dismiss "less than four months after the plaintiffs filed suit." (Doc. 13, at 5.) This is factually incorrect. For the record, the relevant dates in *Datskow* are as follows: (1) Complaint—November 22, 1988; (2) Answer—December 23, 1988; and (3) Motion to Dismiss—April 21, 1989. *See* 899 F.2d at 1300. Thus, there was a five-month period between the filing of the complaint and the motion, and a four-month period between the filing of the answer and the motion. *Id.*

1265154-v1

and NPMC. In addition, the defendant in *Datskow* had participated in a scheduling hearing with the magistrate, including as to discovery and motions practice, and never once mentioned that there was any defect in service. *Id.* at 1303. There has been no such hearing in this case, nor have the parties held their Rule 26(f) conference. Again, the parties and the Court here have done essentially nothing in this case. Thus, *Dakstow* is likewise distinguishable.

In sum, plaintiffs knew that they had not had a summons issued to Capella and NPMC and, therefore, could not have obtained valid service on the defendants. Defendants refused to return plaintiffs' waiver-request form and advised plaintiffs in their answer that they were preserving the service defenses. Thus, plaintiffs should have known that they needed to proceed with formal service. Capella and NPMC filed their motion promptly—in half the time of the shortest period in any of the cases cited by plaintiffs and before the parties or the Court had engaged in any substantial litigation. On these circumstances, Capella and NPMC cannot be held to have waived their service defenses. Plaintiffs' complaint must be dismissed with prejudice.

**B.   An extension of time for service cannot revive this time-barred action, nor is there any basis to extend the time for service.**

Plaintiffs next request an extension of time for service under Rule 4(m). Without regard to whether the Court could, as a procedural matter, extend the time for service under that rule, under substantive state law, the statute of limitations has already expired, and Rule 4(m) cannot revive this time-barred action. Thus, "Fed. R. Civ. P. 4(m) is irrelevant." *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868

9

(8th Cir. 2000). "The rule is only a time restriction that requires the summons and complaint to be served within 120 days of the filing of the complaint. It does not address how or when a lawsuit is properly commenced." *Id.* Substantive state law determines whether an action has been commenced for purpose of the applicable statute of limitations. *Id.* Thus, "when state law requires service of process to satisfy the statute of limitations and those state law requirements have not been met, extending the 120 days won't help." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312-TAV-CCS, 2014 WL 7156953, at *5 (E.D. Tenn. Dec. 15, 2014) (internal quotations omitted). "It's not the failure to serve within the 120 days—the requirement of Rule 4(m)—that has undone the plaintiff here. It is state law, which must be satisfied in addition to the Rule 4(m) requirement." *Id.*; *see, e.g., Hubbard v. Progressive Universal Ins.*, No. 3:11-CV-1120-ST, 2012 WL 3925057, at *3 (D. Or. Aug. 6, 2012) ("Although FRCP 4(m) deals with service, it is construed as a substantive issue concerning the statute of limitations which does not apply in cases of diversity jurisdiction."); *Young v. Klusken*, No. civ-11-4056, 2012 WL 1090539, at 3 (D.S.D. March 30, 2012) ("Federal Rule of Civil Procedure 4, however, will not be utilized to extend [a state's] statute of limitations.")

Under Arkansas law, "to toll the limitations period" a plaintiff must "file his or her complaint within the statute of limitations and complete timely service on a defendant." *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, 177, 866 S.W.2d 372, 374 (Ark. 1993). Further, under Arkansas law, the time for service cannot be extended, for purposes of commencing an action within the statute of

limitations, unless the motion for extension is filed before the time for service expires. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 717, 120 S.W.3d 525, 534-35 (2003). Plaintiffs failed to complete timely service on Capella and NPMC or to timely request an extension of time for service, so the statute of limitation has now run. Fed. R. Civ. P. 4(m) is of no use to plaintiffs, as it cannot revive plaintiffs' time-barred claims.

Moreover, plaintiffs are not entitled to an extension of time under Rule 4(m). Rule 4(m) provides that if a plaintiff fails to serve a defendant within 120 days of the filing of a complaint, a court must either dismiss the complaint or extend the time to serve. Granting an extension of time is mandatory if the plaintiff can demonstrate good cause for the failure. Fed. R. Civ. P. 4(m). By implication, this provision has been interpreted as allowing a discretionary extension of time even where the plaintiff fails to demonstrate good cause. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

Plaintiffs cannot demonstrate good cause for their failure to serve Capella and NPMC. As plaintiffs correctly note, "good cause requires at least excusable neglect." *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994). "Excusable neglect in turn requires good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in the rules." *Id.* (internal quotations omitted). For example, in *Morgan v. Mortgage Electronic Registration Systems, Inc.*, a Michigan district court denied plaintiff's request for an extension after the time for service had expired. No. 08-

11

12236, 2009 WL 1346260, at 1 (E.D. Mich. May 4, 2009). Addressing plaintiff's request for an extension, the court held as follows:

> Where the plaintiff seeks extension of time for service beyond 120 days, he bears the burden of showing that the failure to serve a defendant on time was due to excusable neglect. Mere ignorance of the rules, or failure to keep track of dates is not good cause for failure to serve a party on time. Nor does good cause exist merely by virtue of actual notice to the defendant and lack of prejudice to the defendant from late service. Rather, the excusable neglect standard requires a showing of a reasonable effort on behalf of the plaintiff to serve the defendant within the 120-day deadline, or a showing that the defendant intentionally has evaded service.
>
> Although courts usually construe Rule 4 liberally and in favor of the resolution of the case on the merits, that liberality cannot excuse the complete failure of the plaintiffs to account for lack of service on the remaining defendants.

*Id.* (internal citations and quotations omitted).

Here, as noted above, plaintiffs mailed Capella and NPMC waiver forms that expressly advised that formal service would be attempted if the defendants did not timely return the forms. (Ex. 1 to Reply, Waiver Forms.) Capella and NPMC refused to return the forms and, after the time to do so expired, filed an answer that expressly reserved the service defenses. Nevertheless, plaintiffs ignored the plain language of their own form and the clear warnings from defendants' answer and never attempted service. On these facts, plaintiffs cannot demonstrate good cause for failing to obtain timely service.

Likewise, in the absence of good cause, plaintiffs offer only the statute of limitations as a ground for a discretionary extension. "[T]he running of the statute of limitations does not require the district court to extend time for service of process." *Adams,* 74 F.3d at 88. Given plaintiffs' complete failure to even attempt

service in this matter, they should be denied a discretionary extension of time to obtain service. Thus, plaintiffs' complaint should be dismissed with prejudice.

C. **Plaintiffs' mailing waiver forms to the defendants did not constitute a sufficient attempt at service to toll the applicable statute of limitations.**

Plaintiffs finally argue that their mailing a waiver form and copy of the complaint to the defendants was sufficient to commence their action for purposes of the Arkansas savings statute. It is true, as noted in defendants' opening brief, that under Arkansas law, "a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective), is completed within the 120-day period required by [Ark. R. Civ. P.] 4(i)." *Tucker v. Sullivant*, 2010 Ark. 170, at 4, 370 S.W.3d 812, 814 (2010) (quoting *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260) (alterations to quote in original)). This rule is intended to ensure that "[a] court's later ruling finding that completed service [is] invalid does not disinherit the plaintiff from the benefit of the saving statute." *Id.* Nevertheless, "service of process must, at least, be timely attempted in order for the action to be deemed to have commenced so that the savings statute will apply." *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 165-66, 226 S.W.3d 757, 765 (2006).

The waiver provision under Rule 4(d) of the Federal Rules of Civil Procedure is expressly neither service nor process; instead, the request advises that if the defendant refuses to waive service, the plaintiff will obtain service of process. (*See* Ex. 1 to Reply, Waiver Form.) Thus, the request for waiver "is just that—it is not itself process, and the mailing of (or receipt of) a request does not constitute service. Unless and until the defendant accedes to the plaintiff's request that the formalities

13

be waived, and returns the form saying so, it has not been served. *Jordan v. Ohio State Univ.*, No. 2:08-CV-1122, 2010 WL 2760940, at *3 (S.D. Ohio July 13, 2010); *see also Woodruff v. Mueller*, No. C 02-3307 VRW, 2004 WL 724886, at *4 (N.D. Cal. Mar. 24, 2004) ("But merely mailing a request for waiver of service does not suffice to effect service; instead, the defendant to whom the waiver of service is addressed must sign and return the waiver."); *Weaver v. State of New York*, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998) ("Of course, the defendant must then actually waive service in order for the plaintiff to be relieved of having to serve the summons.")  Accordingly, the current version of Rule 4(d) "clearly states that if the waiver is not returned and filed, the limitations period under the governing law is not tolled and the action will not otherwise proceed until formal service of process is effected." 4A Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.* § 1092.1 (3d ed.).

Plaintiffs did not attempt service on the defendants; they asked the defendants to waive service. Capella and NPMC refused that request, and plaintiffs never followed through with any attempt at actual service. Thus, plaintiffs did not commence their action for purposes of the Arkansas savings statute or the governing statute of limitations. Plaintiffs' complaint must be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, separate defendants Capella and NPMC respectfully request that their motion be granted, that plaintiffs' complaint be dismissed with prejudice, and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:  dglover@wlj.com
                mthompson@wlj.com


By /s/ David P. Glover
    David P. Glover (99148)
    Michael A. Thompson (2010146)
    *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. James E. Girards
THE GIRARDS LAW FIRM
10,000 N. Central Expressway, Suite 400
Dallas, Texas 75231

/s/ David P. Glover
David P. Glover

1265154-v1