IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GIRLINGHOUSE and
TONI GIRLINGHOUSE                                              PLAINTIFFS

V.                        NO. 6:15-CV-06008-RTD

CAPELLA HEALTHCARE, INC., et
al.                                                             DEFENDANTS

JOINT RULE 26(f) REPORT

Pursuant to Local Rule 26.1 and Fed. R. Civ. P. 26(f), plaintiff and defendants submit this Joint Rule 26(f) Report:

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a):**

The parties have no changes to the form or requirements of the mandatory disclosures under Rule 26(a).

2. **Date when mandatory disclosures were or will be made:**

Mandatory disclosures will be made within fourteen (14) days of the filing of this report. Plaintiffs anticipate deposing approximately 12 hospital personnel and up to 3 Rule 30(b)(6) witnesses. Disclosure of expert testimony shall be provided pursuant to Rule 26(a)(2) and will be made by the plaintiff 45-days after the last fact witness is deposed. The parties anticipate the fact witness depositions to be completed on or before November 1, 2015. Plaintiffs anticipate designating experts on December 15, 2015 and having those witnesses deposed on or before January 30,

1265725-v1

2016. Defense experts will be disclosed on or before December 30, 2016 to be made available for deposition by February 29, 2016.

**3. Subjects on which discovery may be needed:**

The parties will need to conduct discovery on liability, causation and damages. Plaintiffs will also need discovery on the issues of the relationship and control of the various corporate entities involved in operating the hospital in question and employing the personnel involved in the hospital administration, formulation of policies, procedures, and protocols, as well as the nursing staff in the chain of command between the patient and the nursing administration.

**4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media If so:**

    **(a)** **whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

It is expected that the Plaintiffs will request discovery of all electronic data contained in the medical record and related computer audit logs as well as any communication devices or systems accessed by hospital personnel that relate to the patient. The defense will request nothing beyond e-mails and data which is reasonably available to the parties in the ordinary course of business. Should a disagreement arise as what constitutes "the ordinary course of business," the parties will attempt to resolve the disagreement before seeking intervention by this Court.

    (b)    **the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

Not applicable.

    (c)    **the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

Any data will be produced in paper, pdf form or some other agreed upon format.

    (d)    **whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

Yes.

    (e)    **other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

None at this time.

**5. Date by which discovery should be completed:**

Based on the initial scheduling order, the discovery deadline should be no later than March 1, 2016.

**6. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure:**

The parties do not anticipate any needed changes at this time.

**7. Any orders, e.g., protective orders, which should be entered:**

In the event proprietary or otherwise confidential or protected information is requested, the parties will confer in an effort to draft an agreed protective order.

1265725-v1

8. **Any objections to initial disclosures on the ground that initial mandatory disclosures are not appropriate in the circumstances of the action:**

The parties have no objections to initial disclosures.

9. **Any objections to the proposed trial date:**

The parties have no objection to the trial date of March 21, 2016.

10. **Proposed deadline for joining other parties or amending the pleadings:**

The parties propose a deadline for joining parties and amending pleadings 60 days prior to the trial date.

11. **Proposed deadline for completing discovery:**

March 1, 2016.

12. **Proposed deadline for filing motions other than motions for class certification:**

February 15, 2016.

                        WRIGHT, LINDSEY & JENNINGS LLP
                        200 West Capitol Avenue, Suite 2300
                        Little Rock, Arkansas 72201-3699
                        (501) 371-0808
                        FAX: (501) 376-9442
                        E-MAIL: dglover@wlj.com
                                    mthompson@wlj.com

                        /s/ David Glover

By _____
        David P. Glover (99148)
        Michael A. Thompson (2010146)
        *Attorneys for Defendants*

1265725-v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. James E. Girards
THE GIRARDS LAW FIRM
10,000 N. Central Expressway, Suite 400
Dallas, Texas 75231

/s/ David Glover
_____
David P. Glover

AGREED:

/s/ James E. Girards
_____
Counsel for Plaintiffs

1265725-v1