```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 HOT SPRINGS DIVISION
```

WILLIAM GIRLINGHOUSE
and TONI GIRLINGHOUSE                                       PLAINTIFFS

v.                          NO. 15-6008

CAPELLA HEALTHCARE, INC.
and NPMC HOLDINGS, LLC                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court for consideration are Defendants' motion to dismiss and supporting brief (Docs. 11-12); Plaintiffs' response in opposition (Doc. 13); Defendants' reply to Plaintiffs' response (Doc. 15); and Plaintiffs' surreply (Doc. 16-1). For the reasons set forth below, the Court finds that Defendants' motion should be **DENIED.**

**I.   Factual and Procedural Background**

On January 28, 2015, Plaintiffs William and Toni Girlinghouse filed their complaint (Doc. 1) against Defendants Capella Healthcare, Inc. and NPMC Holdings, LLC[1] on January 28, 2015, alleging that William Girlinghouse had suffered medical injury and resulting damages due to negligence on the part of Defendants or their agents or employees. Plaintiffs allege that Girlinghouse was admitted to National Park Medical Center in

---

[1] Plaintiffs also named Hot Springs National Park Hospital Holdings, LLC as a defendant in their complaint, but later voluntarily dismissed that party from this action. (Docs. 5, 8).

January of 2013 for pancreatitis, and that the nursing staff failed to respond appropriately when Girlinghouse began to suffer decreased oxygenation on January 29, 2013. Plaintiffs assert that, as a result of this alleged negligence, Girlinghouse has suffered permanent brain injury and attending complications.

Rather than obtaining issuance of summons and effecting service of the same, Plaintiffs mailed to Defendants a request for waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Defendants did not return the waiver form, but did file an answer to Plaintiffs' complaint on March 31, 2015. (Doc. 7). In this answer, filed on March 31, 2015, Defendants "assert insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure and move for dismissal of this action." (Doc. 7, ¶ 52). Defendants also raise numerous other affirmative defenses. (Doc. 7, ¶¶ 48-53).

On June 10, 2015, Defendants filed their motion to dismiss (Doc. 11), arguing that proper service had not been accomplished within the 120 days afforded by the Rules of Civil Procedure. Because Plaintiffs failed to properly commence this action within the two-year statute of limitations under applicable Arkansas law, Defendants assert, the case should be dismissed with prejudice.

In their response (Doc. 13), Plaintiffs contend that Defendants have waived their objection to the lack of proper service by delaying the filing of their motion to dismiss until after the expiration of the time to complete service. Plaintiffs alternatively request an extension of time in which to accomplish formal service of process. Plaintiffs argue that good cause exists for their failure to effect service, and that Federal Rule of Civil Procedure 4(m) therefore obligates the Court to extend the time for service for an appropriate period. Plaintiffs further suggest that, even if they cannot show good cause for failing to serve Defendants, the Court has discretion to extend the deadline for accomplishing service under Rule 4(m).

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 4(m), if service of process is not accomplished within 120 days after a complaint is filed, the court must either dismiss the action without prejudice or order that service must be made within a specified time. If the plaintiff shows good cause for the failure to timely accomplish service, the court must extend the time for service for an appropriate period. Even if the plaintiff fails to show good cause, the court has discretion to extend the time for service rather than ordering dismissal. *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010).

The standard of good cause has been described as "'necessarily amorphous.'" *Id.* (quoting *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003)). "'There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m).'" *Id.* Whether or not good cause has been shown is largely dependent upon the facts of each individual case. *Id.* Good cause is likely to be found when plaintiff's failure to complete timely service is the result of the conduct of a third party, when the defendant has evaded service or engaged in misleading conduct, when the plaintiff is proceeding pro se or in forma pauperis, or when plaintiff has acted diligently in trying to effect service but was prevented by understandable mitigating circumstances. *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)).

As several courts have held, a finding that good cause exists requires *at least* a showing of excusable neglect. *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994) (citing *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987); *Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985)). However, good cause and excusable neglect are not identical. Excusable neglect requires "good faith on the part of the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time specified in

4

the rules." *Id.* (internal quotation marks omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The following factors are particularly important in a court's analysis of whether neglect is excusable: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka*, 628 F.3d at 959. In order to determine whether a discretionary extension is warranted under Rule 4(m), a court looks at whether plaintiff has made a showing of excusable neglect. *Id.* at 957.

In determining whether a mandatory extension is warranted under Rule 4(m), the court focuses primarily on the plaintiff's reasons for failing to accomplish timely service; the court must determine whether good cause exists for the plaintiff's failure to meet the service deadline, not whether good cause exists for the granting of an extension of time to complete service. *Id.* at 958. Additional circumstances, such as the plaintiff's good faith, the possibility of prejudice to the defendant, and the

5

effect of the applicable statute of limitations, are properly considered by the court when determining whether a discretionary extension of time is appropriate. *Id.*

### A. Good Cause

The parties in the instant case agree that no summons has yet been issued or served upon Defendants. Instead, Plaintiffs sought to procure waiver of service pursuant to Rule 4(d). After filing their complaint, Plaintiffs mailed to Defendants a "Notice of a Lawsuit and Request to Waive Service of a Summons" dated February 2, 2015, along with waiver of service forms and a copy of the complaint. Defendants did not return the waiver of service forms to Plaintiffs. On March 31, 2015, however, Defendants filed a detailed answer to the Plaintiffs' complaint. In their answer, as noted above, Defendants asserted several affirmative defenses, including insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and (5). Plaintiffs have undertaken no additional efforts to accomplish service upon Defendants.

Although Rule 4(d) provides a procedure whereby a plaintiff can avoid expenses associated with formal service of process, the plaintiff must still accomplish formal service if the defendant declines to sign and return the waiver form in accordance with this procedure. To encourage waiver, Rule 4(d) provides that the expenses incurred by the plaintiff in later

6

making service will be imposed upon a defendant who fails to sign and return the waiver. If a plaintiff files a waiver, "proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4). If no waiver is filed, service must be made under some other provision of Rule 4 and proof of service filed pursuant to Rule 4(l).

Plaintiffs' argument concerning good cause ultimately boils down to the contention that, although Defendants did not expressly waive service by returning the waiver forms, they impliedly waived service by filing an answer which only included a "boilerplate" objection based upon insufficient service of process. Because Defendants filed an answer responding to the substance of the complaint, Plaintiffs appear to have assumed that Defendants intended to proceed to litigate this case on the merits. The facts are plain – Plaintiffs did not receive or file executed waiver of service forms, Plaintiffs did not otherwise attempt to accomplish formal service, and Defendants filed an answer containing an objection based upon the lack of service of process.

Although it is a close question, the Court finds that the explanation for Plaintiffs' failure to accomplish timely service does not rise to the level of good cause. None of the above-described traditional scenarios in which good cause has usually

7

been found (e.g., evasion of service by the defendant, fault of a third party, an unrepresented plaintiff) is present in this case. When Defendants refused to waive service and filed an answer containing an objection regarding insufficient service, Plaintiffs should have accomplished formal service. Rule 4(m) does not mandate an extension of time for Plaintiffs to perfect service in this case.

### B. Excusable Neglect

The Court must next consider all relevant circumstances surrounding this case to determine whether Plaintiffs' failure to accomplish timely service was the result of excusable neglect.

It is apparent that, although Defendants have not yet been served, they received actual notice of the lawsuit and have had the opportunity to appear defend against Plaintiffs' complaint. Defendants do not argue that they will suffer any significant prejudice by an extension of the service deadline, and there is no suggestion that the length of the delay will have any significant impact on these proceedings. Plaintiffs contend that "[t]here can be no assertion of [their] lack of good faith" – and, indeed, Defendants do not make any such assertion. (Doc. 16-1, p. 3). The Court finds that Defendants have not been prejudiced, that Plaintiffs acted in good faith, and that these

factors all weigh in favor of granting an extension of the service deadline.

Regarding the reason why service was not accomplished, Plaintiffs point to the fact that, after receiving a copy of the complaint and a request for waiver of service, Defendants filed "an answer containing only a boilerplate objection to service and fully addressing the allegations of Plaintiffs' complaint on the merits." *Id.* Defendants assert that they could not have made a more specific objection regarding lack of service because Plaintiffs had not yet made any attempt at service; instead, according to Defendants, "they could only note that they had not yet been served." (Doc. 15, p. 6). However, the Court does not find this to be a fair characterization of the objection Defendants actually stated in their answer. Instead, Defendants objected as follows: "Pleading affirmatively, assert insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure and move for dismissal of this action." (Doc. 7, ¶ 52). This objection contains no facts that are specific to this case – Defendants do not actually state that they have not been served with process, and they make no mention of Plaintiffs' attempt to secure waiver of service or of their refusal to consent to such waiver. The Court finds Plaintiffs' characterization of Defendants' objection as "boilerplate" to be

9

a fair one.  Although the Court does not find that Plaintiffs' explanation for their failure to accomplish service meets the standard required to be considered "good cause," the Court does find that Plaintiffs have met the burden of showing "some reasonable basis for noncompliance" under the excusable neglect analysis.

A final important factor to be considered is the effect of the statute of limitations on this action.  The parties agree that it has now run, which could prevent refiling of this action if it were dismissed.  Defendants argue that the action is already time-barred under Arkansas law and that an extension of time to accomplish service would therefore be futile.  Although Defendants are correct that the Court must look to applicable state substantive law to determine whether an action has been commenced for statute of limitations purposes, the cases cited in support of their position involve the substantive law of states that treat commencement differently than Arkansas does.

Under Arkansas law, a case is commenced by filing a complaint with the clerk of the proper court and accomplishing timely service of process.  The tolling of the statute of limitations under Arkansas law is based on the date the complaint is filed, not the date on which service is accomplished.  See *Forrest City Mach. Works v. Lyons*, 315 Ark. 173, 175, 866 S.W.2d 372, 373 (1993) (citing *Green v. Wiggins*,

10

304 Ark. 484, 803 S.W.2d 536 (1991)). In contrast, the state laws at issue in the cases cited by Defendants provide that an action is not commenced until the date service is accomplished. Although Arkansas substantive law controls as to commencement, the timeliness of service is still controlled by Rule 4(m) of the Federal Rules of Civil Procedure. *See Tillman v. Georgia*, 466 F. Supp. 2d 1311, 1322-23 (2006). Thus, as long as Plaintiffs accomplish service within the time permitted under the applicable rules – taking into consideration any extensions allowable under those rules – the action will have been commenced, and the statute of limitations tolled, as of the filing of the complaint. Because Plaintiffs filed their complaint prior to the expiration of the Arkansas statute of limitations, their action is not time-barred.

Based on a careful examination of all relevant circumstances, the Court finds that Plaintiffs' neglect in failing to accomplish service of process is excusable. The Court will exercise its discretion pursuant to Rule 4(m) to extend the time for Plaintiffs to accomplish service. Because Defendants declined to waive service, Rule 4(d)(2) will require the Court to impose on Defendants any expenses Plaintiffs incur in effecting such service. The parties are however encouraged to confer as to whether Defendants may be willing to execute waiver of service forms at this juncture to avoid such expense.

11

**III. Conclusion**

For the reasons set forth above, Defendants' motion to dismiss (Doc. 11) is **DENIED**; and the deadline for Plaintiffs to accomplish service of process is extended to thirty (30) days from the date of entry of this Order, with Defendants to bear any expenses associated with such service. Following service (or waiver of service), Defendants may file an amended answer if they deem it necessary.

IT IS SO ORDERED this 27th day of August, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge