IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GIRLINGHOUSE and
TONI GIRLINGHOUSE                                              PLAINTIFFS

v.                    NO. 6:15-CV-6008-SOH

CAPELLA HEALTHCARE, INC., et al.                                DEFENDANTS

MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF PROXIMATE CAUSATION

Defendants Capella Healthcare, Inc. and NPMC Holdings, LLC (collectively, "defendants"), for their motion for summary judgment on the issue of proximate causation, state:

1. Plaintiffs William and Toni Girlinghouse ("plaintiffs') filed this diversity action, alleging medical malpractice against defendants. Plaintiffs' cause of action arises out of Mr. William Girlinghouse's January 2013 hospital admission at National Park Medical Center ("NPMC") in Hot Springs, Arkansas. Plaintiffs allege that "[o]n or about January 29, 2013[,] Girlinghouse began to suffer decreased oxygenation," and "[t]he nursing staff at [NPMC] did not adequately respond to the decreased oxygenation and refused to call Girlinghouse's physician to address it." (Doc. #1, ¶ 37.)

2. Under the Arkansas Medical Malpractice Act, a plaintiff has the burden of proving the standard of care, breach thereof, and proximate causation, all through qualified expert testimony. Ark. Code Ann. § 16-114-206(a). Nurses are not qualified to offer opinions on the issue of proximate causation as it pertains to

1325205-v1

medical injuries sustained by the plaintiff. *Carter v. St. Vincent Infirmary*, 15 Ark. App. 169, 175, 690 S.W.2d 741, 745 (1985).

3. In an effort to meet their burden of proof, plaintiffs disclosed Dorothy Cooke as their nursing standard of care expert. While, Nurse Cooke offers specific criticisms of the nursing care in this case, generally, her criticisms are pointed at three different groups of people: (1) Marilyn Feimster, LPN, the nurse who cared for Mr. Girlinghouse on January 30, 2013, until he was transferred to the ICU; (2) the ICU nursing staff who cared for Mr. Girlinghouse beginning around 7:00 p.m. on January 30, 2013; and (3) Patsy Crumptom, National Park Medical Center's Chief Nursing Officer, for her alleged lack of oversight of Nurse Feimster and the unnamed ICU nurses.

4. At her deposition, Nurse Cooke confirmed that her criticisms of Marilyn Feimster were limited to care provided on January 30, 2013. As to the unnamed ICU nurses, Nurse Cooke confirmed that her opinions were limited to two topics: (1) using an improper bite-block; and (2) inadequately managing Mr. Girlinghouse's sedation while he was intubated and on a ventilator. Significantly, Nurse Cooke testified that she was not critical of any nurse regarding the delay in intubating Mr. Girlinghouse on January 31, 2013. Nurse Cooke is the only expert witness offering opinions regarding nursing standard of care.

5. On the issue of proximate causation, plaintiffs disclosed two witnesses, both of whom treated Mr. Girlinghouse during the hospital admission that is at issue in this lawsuit. Dr. Siddarth Shah, a pulmonologist, testified that he

1325205-v1

appropriately intervened and treated Mr. Girlinghouse on January 30, 2013. He also testified that even if he would have sooner intervened, Mr. Girlinghouse's outcome would have been no different.

6.  Dr. Donald Brady, a neurologist, is the second witness who plaintiff identified regarding the issue of proximate causation. Dr. Brady testified that the only event that could have caused Mr. Girlinghouse's brain injury was a period of decreased oxygenation that occurred on January 31, 2013. Moreover, Dr. Brady testified that Mr. Girlinghouse's brain injury was caused by multiple factors and not solely hypoxia as the result of decreased oxygenation. These factors included renal insufficiency, prolonged sedation, acute narcotic withdrawal, alcohol withdrawal, environmental factors, sepsis, and multi-organ insult.

7.  Discovery is now closed. Plaintiffs have not and cannot offer any proof of proximate causation that connects Nurse Cooke's allegations of negligence to any injury sustained by Mr. Girlinghouse. As to her criticisms regarding the ICU nurses, neither Dr. Brady, nor Dr. Shah, nor any other qualified expert has offered any opinion that links the allegedly inappropriate use of a bite-block or inadequate management of sedation to any injury in this case. As to her criticisms regarding Marilyn Feimster's care of Mr. Girlinghouse on January 30, 2013, Dr. Brady testified that Mr. Girlinghouse's oxygen saturation percentage on January 30, 2013, never dropped low enough to cause a brain injury.

8.  Simply put, the only proof of proximate causation offered in this case **might** be sufficient to support a prima facie case of malpractice **if** there was an

allegation of nursing negligence related to the period of decreased oxygen saturation on January 31, 2013. No such proof exists.

9. Accordingly, defendants respectfully request that their motion for summary judgment be granted.

10. In support of this motion for summary judgment on the issue of proximate causation, defendants rely on the following:

    a. Statement of Undisputed Material Facts;

    b. Exhibit A – April 1, 2016 Email from Plaintiffs' Counsel;

    c. Exhibit B – Report of Dorothy Cooke;

    d. Exhibit C – Excerpts from Dorothy Cooke's Deposition Transcript;

    e. Exhibit D – Plaintiffs' Designation of Expert Witnesses;

    f. Exhibit E – Excerpts from Dr. Donald Brady's Deposition Transcript;

    g. Exhibit F – Excerpts from Dr. Siddarth Shah's Deposition Transcript; and

    h. A brief in support.

WHEREFORE, defendants Capella Healthcare, Inc. and NPMC Holdings, LLC pray that their motion for summary judgment be granted, that plaintiffs' complaint against them be dismissed with prejudice, and for all other relief to which they are entitled.

1325205-v1

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: dglover@wlj.com; djung@wlj.com


By /S/ *David P. Glover*
    David P. Glover (99148)
    David C. Jung (2013141)

    *Attorneys for Capella Healthcare, Inc.,*
    *and NPMC Holdings, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    Mr. James E. Girards
    THE GIRARDS LAW FIRM
    10000 North Central, Suite 400
    Dallas, TX 75231

        /S/ *David P. Glover*
        David P. Glover