IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GIRLINGHOUSE and
TONI GIRLINGHOUSE                                                                    PLAINTIFFS

V.                                      NO. 6:15-CV-06008-RTD

CAPELLA HEALTHCARE, INC., et al.                                                     DEFENDANTS

### PLAINTIFFS' SUR-REPLY RELATED TO ECF NO. 55

COME NOW, Plaintiffs William Girlinghouse and Toni Girlinghouse, by their counsel, and for their Sur-Reply related to ECF No. 55 respectfully show the Court:

1.      The procedures of this Court are to be used to achieve a just outcome.[1] The proof offered by Plaintiffs in response to the Motion for Summary Judgment is not the kind of evidence that acts as an unfair surprise under the fact scenario and timeline of this case. This is especially true given the fact that critical evidence was not revealed until after the Cooke deposition when Dr. Shah was deposed. Plaintiffs would also point out that Defendant seems to focus argument on the idea that opinions of negligence on January 31 are the offending "new opinions" that work a surprise to it. However, it has ignored the fact that the testimony provided the court clearly states that but-for the negligence on January 30th the patient would likely have been intubated on the 30th -- prior to the brain-injury that began later as a result of the patient not being intubated until mid-day on the 31st. In addition, Defendant chose to refrain from questioning Toni Girlinghouse on her expert

---

[1] Fed.R.Civ.P. 1

1

opinions altogether. Defendant cannot now complain of expert witness opinions when it made a strategic decision not to inquire of same when it had an opportunity to do so. It will not work an injustice to Defendant for this evidence to be considered and no continuance would be necessary. However, if the evidence is stricken, it would work a substantial injustice to Plaintiffs and lead to an unjust result based on procedure rather than merit.

2.  Plaintiffs do not believe under these circumstances Leave of Court is necessary for the Court to consider the evidence provided by Plaintiffs in response to Defendant's Motion for Summary Judgment. But, if this belief is erroneous, Plaintiffs request Leave of Court herewith because substantial justice requires this evidence be considered.

3.  With respect to Toni Girlinghouse's expert testimony, Defendant claims that because she is a Plaintiff she cannot give expert testimony. This is an incorrect statement of law in Arkansas and in every other jurisdiction in the USA, so far as undersigned counsel can determine. Defendant cites no case that actually makes such a holding. The only cases cited by Defendant hold that an expert witness cannot be hired on a contingent fee arrangement. None applies – or even attempts to apply – this rule to a Plaintiff. Among the presumed reasons for this is that a plaintiff has not been hired to do anything, much less give testimony. And, a plaintiff is not being paid. Compensation for personal injury damages is not the same thing as a professional fee for testimony – and Defendant cites no case for such a proposition. There simply is no rule or caselaw that precludes Toni

Girlinghouse or any plaintiff from providing expert witness testimony that she is otherwise qualified to give.[2]

                        Respectfully submitted,

                        THE GIRARDS LAW FIRM
                        10,000 N. Central
                        Suite 400
                        Dallas, TX 75231
                        PHONE:  (214) 346-9529
                        FAX: (214) 346-9532
                        E-MAIL: jim@girardslaw.com

                        /s/ James E. Girards
By _____
          James E. Girards, AR Bar No. 2006017
          *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

      I hereby certify that on September 9, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    Mr. David P. Glover
    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, Arkansas 72201-3699

                        /s/ James E. Girards
                        _____
                        James E. Girards

---

[2] See Fed.R.Evid. 702