IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GIRLINGHOUSE and
TONI GIRLINGHOUSE                                                                PLAINTIFFS

v.                             NO. 6:15-CV-6008-SOH

CAPELLA HEALTHCARE, INC., et al.                                          DEFENDANTS

### DEFENDANTS' SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF PROXIMATE CAUSATION

Defendants Capella Healthcare, Inc. and NPMC Holdings, LLC (collectively, "defendants"), for their sur-reply, state:

1. Plaintiffs argue that a sur-reply is needed to address "new issues not raised in ECF No. 55." (*See* Doc. 56, at ¶ 1.) Defendants reply is appropriate in that it addressed arguments made in plaintiffs' response. A sur-reply is unnecessary.

2. In their sur-reply, plaintiffs argue that the proof they submitted in response to defendants' motion for summary judgment "is not the kind of evidence that acts as an unfair surprise under the fact scenario and timeline of this case." (*See* Doc. 59, at ¶ 1.)

3. Plaintiffs also point to "critical evidence [that] was not revealed until after the Cooke deposition when Dr. Shah was deposed" as a justification for overlooking their untimely supplementation. (*See* Doc. 59, at ¶ 1.)

4. The discovery deadline in this case was known to everyone. Plaintiffs made no attempt to seek an extension of that deadline or otherwise attempt to take

1339396-v1

other appropriate action regarding disclosure of these newfound expert opinions immediately after Dr. Shah's deposition or before the close of discovery.

5.      In fact, plaintiffs made no attempt to consult with their experts regarding Dr. Shah's testimony until after defendants filed their motion for summary judgment and after defendants voluntarily agreed to extend plaintiffs' time to respond to their motion.

6.      In response to defendants' argument that Ms. Girlinghouse cannot give expert opinion testimony in this case, plaintiffs state that "[t]his is an incorrect statement of law in Arkansas and in every other jurisdiction in the USA, so far as undersigned counsel can determine." (*See* Doc 59, at ¶ 1.) Unlike plaintiffs—who cited no law to support this statement—defendants did cite authority in support of their argument. *See Clay v. Bd. of Educ. of City of St. Louis*, 90 F.3d 1357, 1362 (8th Cir. 1996); *Farmer v. Ramsay*, 159 F. Supp. 2d 873, 883 (D. Md. 2001); *Accrued Fin. Servs., Inc. v. Prime Retail, Inc.*, No. CIV JFM-99-2573, 2000 WL 976800, at *3 (D. Md. June 19, 2000); *J&J Snack Foods, Corp. v. Earthgrains Co.*, 200 F. Supp. 2d 358, 367 n.8 (D.N.J. 2002).

7.      Finally, defendants note that plaintiffs offered no response to established Arkansas case law that proscribes nurses from offering expert testimony on the issue of proximate causation. *Neal v. Sparks Regional Medical Center*, 2012 Ark. 328, 422 S.W.3d 116 (Ark. 2012); *Carter v. St. Vincent Infirmary*, 15 Ark. App. 169, 690 S.W.2d 741 (Ark. App. 1985). In other words, even if the Court is willing to consider the untimely-disclosed expert opinions, those opinions

are insufficient to "connect the dots" of negligence to any injury sustained by plaintiffs.

WHEREFORE, defendants pray that their motion for summary judgment be granted, that plaintiffs' complaint against them be dismissed with prejudice, and for all other relief to which they are entitled.

>
> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: dglover@wlj.com; djung@wlj.com
>
>
> By /S/ David C. Jung
>     David P. Glover (99148)
>     David C. Jung (2013141)
>
>     *Attorneys for Capella Healthcare, Inc.,
>     and NPMC Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. James E. Girards
THE GIRARDS LAW FIRM
10000 North Central, Suite 400
Dallas, TX 75231

/S/ David C. Jung
David C. Jung