IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GIRLINGHOUSE and
TONI GIRLINGHOUSE                                                    PLAINTIFFS

v.                          NO. 6:15-CV-6008-SOH

CAPELLA HEALTHCARE, INC., et al.                                     DEFENDANTS

BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE
TESTIMONY OF TONI GIRLINGHOUSE

Defendants Capella Healthcare, Inc. and NPMC Holdings, LLC (collectively, "defendants"), for their brief in support of motion in limine to exclude the testimony of Toni Girlinghouse, state:

I.     INTRODUCTION

This is a medical malpractice case involving the care and treatment William Girlinghouse received at National Park Medical Center ("NPMC") in January 2013. Through the course of this litigation, plaintiffs disclosed plaintiff Toni Girlinghouse as an expert witness. (*See* Ex. A.)

Plaintiff Toni Girlinghouse is precluded from offering expert opinion testimony in this case pursuant to Ark. Code Ann. § 16-114-207(2). To that end and pursuant to Fed. R. Civ. P. 10(c), defendants have adopted by reference their motion for summary judgment, reply, sur-reply, exhibits, and all briefing in support of thereof. (*See* Doc. # 47, 48, 49, 55, 61.)

1342797-v1

## II. ARGUMENT

**Plaintiff Toni Girlinghouse should not be permitted to testify as an expert witness at the trial of this case.**

As a plaintiff who stands to gain from any jury award, Arkansas law precludes Toni Girlinghouse from testifying as an expert witness in this case. *See* Ark. Code Ann. § 16-114-207(2). As stated above, defendants adopt by reference their motion for summary judgment, reply, sur-reply, exhibits, and all briefing in support of thereof. (*See* Doc. # 47, 48, 49, 55, 61 (focusing on Doc. 55, at II.B.).)

Additionally, plaintiff Toni Girlinghouse should not be permitted to testify as an expert witness because she failed to submit a written disclosure of her opinions by the Court's May 2, 2016 expert disclosure deadline. *See* Fed. R. Civ. P. 26(a)(2). While plaintiffs timely disclosed her as an expert, rather than providing "a written report—prepared and signed by the witness," which met **all** the requirements of Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi), they merely appended Toni Girlinghouse's deposition transcript. (*See* Ex. A.)

This deposition transcript does not comply with the mandates of Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). For one, Mrs. Girlinghouse does not identify all the facts and data considered when forming the opinions. (*See generally* Ex. B.) Secondly, she fails to succinctly set forth her opinions in a summary fashion. (*See generally* Ex. B.) Accordingly, Toni Girlinghouse should be precluded from offering expert opinion testimony in this case.

## V. CONCLUSION

Toni Girlinghouse should be precluded from testifying as an expert witness in this case because Ark. Code Ann. § 16-114-207(2) precludes her from doing so. Moreover, even if she was not precluded, she cannot offer any opinions that were not timely-disclosed. Finally, whether or not timely-disclosed, Ms. Girlinghouse, as a registered nurse, cannot offer any opinions on the issue of proximate causation. Accordingly, defendants respectfully request that Ms. Girlinghouse be stricken as an expert witness.

>WRIGHT, LINDSEY & JENNINGS LLP
>200 West Capitol Avenue, Suite 2300
>Little Rock, Arkansas 72201-3699
>(501) 371-0808
>FAX: (501) 376-9442
>E-MAIL: dglover@wlj.com; djung@wlj.com
>
>By _____
>David P. Glover (99148)
>David C. Jung (2013141)
>
>*Attorneys for Capella Healthcare, Inc.,
>and NPMC Holdings, LLC*

1342797-v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. James E. Girards
THE GIRARDS LAW FIRM
10000 North Central, Suite 400
Dallas, TX 75231

_____
David C. Jung